Willie **BEDWELL**, Appellant,

v.

**Donald RIDDLE**, Appellee.

No. 21750.

United States Court of Appeals
Fifth Circuit.

May 7, 1965.

Stanford E. Morse, Jr., Gulfport, Miss.,
C. Paul Barker, New Orleans, La., for
appellant.

Donald Edward Riddle, pro se.

Before JONES and WISDOM, Circuit
Judges, and BREWSTER, District Judge.

PER CURIAM:

This is an action for damages for personal injuries sustained by the appellant when the Greyhound bus he was driving collided with a tractor trailer being operated by the appellee. The bus company, as a self-insurer under the Mississippi Workmen's Compensation Law, paid the appellant's hospital and medical expenses in the amount of $3,879.52. It intervened in this case under the subrogation provisions of the Workmen's Compensation Law to have awarded to it out of any recovery by the appellant such expenses and others as it had paid him in discharge of its obligations as his compensation carrier. Section 6998–36, Recompiled Mississippi Code of 1942. Among the items of damages appellant sought to recover from appellee were his hospital and medical expenses. The Court refused to submit such expenses as an element of damage and to allow the appellant to prove them in the presence of the jury, but awarded the compensation carrier judgment for them out of his recovery from the appellee. The fact that the carrier had paid the appellant's hospital and medical expenses did not deprive him of his right to seek recovery from appellee of that portion of such expenses as he might be able to show were reasonable and necessary in light of his injury, even though such recovery was subject to the carrier's subrogation demand. We are of the opinion that under the statute cited above the Court erred in refusing to permit appellant to assert that portion of his claim against the appellee.

Reversed and remanded.